United States District Court
Southern District of Texas
FILED

MAR 1 4 2000

MICHAEL N. MILBY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. _____ |
| PROFESSIONAL EMPLOYEE STAFF | § | |
| SERVICES, A PARTNERSHIP, GALLA | § | |
| A. McGUILL, ALMA C. MORENO AND | § | C - 00 - 108 |
| PAN AMERICAN LIFE INSURANCE CO. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

　　　1.　　　Pan American Life Insurance Company is a Defendant in a civil action which

was originally brought on 5 August 1999, in the 36th District Court of Aransas County,

Texas, and which was originally styled *Eddie R. Wolfford v. Professional Employee Staff*

*Services, a Partnership, Galla A. McGuill and Alma C. Moreno*, Cause No. A-99-0252-CV-

A.

　　　2.　　　Pan American Life Insurance Company was added as a defendant to the cause

by amended pleading filed on 2 February 2000.  Attached are all process, pleadings, and

orders served or entered in the state court action.

　　　3.　　　The citation and First Amended Original Petition, by which Pan American Life

Insurance Company was made a defendant, were served on Pan American on 17 February

2000, through its registered agent for service, CT Corporation System, 811 Dallas Avenue,

Page 1 of 4

Houston, Texas 77002.  This notice of removal is filed within 30 days of receipt of the first amended original petition and is timely filed under 28 U.S.C. § 1446(b).

      4.    This action is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

      5.    All other defendants who have been served with citation and complaint have joined in this notice of removal, as evidenced by the joinder of Defendants, Professional Employee Staff Services, a Partnership, Galla A. McGuill and Alma C. Moreno, by their attorney of record, W.J. Nutto, filed concurrently.  (Additional counsel of record, W.J. Sames, although appearing of record for one of the partners and the partnership, advised that he no longer purports to represent such parties and that he defers to the other counsel appearing of record for both partners and the partnership.)

Respectfully submitted,

**DUNN & WEATHERED, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(512) 883-1594 [FAX 883-1599]

BY: _____

L. Nelson Hall, Attorney-In-Charge
Federal No. 6142
State Bar No. 08785800
Frank Weathered, of Counsel
Federal No. 2441
State Bar No. 20998600
**COUNSEL FOR PAN AMERICAN
LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all known counsel of record in the manner indicated, this 13ᵗʰ day of March, 2000.

_____

L. Nelson Hall

**VIA FIRST CLASS MAIL**
Mr. Cornel W. Walker
LAW OFFICES OF THOMAS J. HENRY
5425 South Padre Island Drive, Suite 180
Corpus Christi, Texas 78411

**VIA FIRST CLASS MAIL**
Mr. W. J. Sames
ATTORNEY AT LAW
P.O. Box 3249
Corpus Christi, Texas 78463

**<u>VIA FIRST CLASS MAIL</u>**
Mr. W. J. Nutto
ATTORNEY AT LAW
P.O. Box 1291
Corpus Christi, Texas 78403

A

CAUSE NO.: <u>A-99-0252-CV-A</u>

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT |
| VS. | § | 36th JUDICIAL DISTRICT |
| PROFESSIONAL EMPLOYEE STAFF | § | ARANSAS COUNTY, TEXAS |
| SERVICES, A PARTNERSHIP, GALLA | | |
| A. MCGUILL AND ALMA C. MORENO | | |

**FILED** 2:35 P M.

<u>PLAINTIFF'S ORIGINAL PETITION</u>

AUG 05 1999

*Mary C. Shumo.*
~~BOBBIE ROGERS~~
District Clerk, Aransas County
By *Maria Castillo* Deputy

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Eddie Wolfford, complaining of Professional Employee Staff Services, a partnership, Galla A. McGuill and Alma C. Moreno, Defendants herein, and for cause of action would show unto the Court the following:

### I. VENUE

Plaintiff is a resident of Aransas Pass, Arnasas County, Texas. The incident made the basis of this suit occurred in Rockport, Aransas County, Texas.

Defendant, Professional Employee Staff Services, is a business in Portland, San Patricio County, Texas, and may be served with process in this case by serving it's owners Galla A. McGuill, whose may be served with process at her residence at 1230 East Haven, Portland, San Patricio County, Texas, and Alma C. Moreno, who may be served with process at her residence at 2732 Houghton Avenue, #2713, Ingleside, San Patricio County, Texas.

### II. FACTUAL BACKGROUND

Defendant, Professional Employee Staff Services, is an employee staffing company. Plaintiff, Eddie Wolfford, is was employee of Professional Employee Staff

Services and was assigned to the Company in Portland, Texas. Professional Employee Staff Services is a non-subscriber to the Texas Worker's Compensation Insurance.

It has become necessary to bring this suit because of an injury to Plaintiff, which he sustained on or about March 7, 1997. On that date, Plaintiff was assigned to work for Coastline Resources and he was at the Brown Water Marine's docks when a falling crane slammed Plaintiff into a pickup truck. Plaintiff fell and severely injured his body.

### III. BREACH OF CONTRACT

Plaintiff was an employee of Defendant. A contract existed between Plaintiff and Defendant in that Plaintiff agreed to work for Defendant in exchange for salary and insurance coverage which would cover his medical expenses and provide him with weekly indemnity checks in lieu of his salary in case of an on the job injury. Subsequently, Plaintiff was injured on the job and was unable to perform his duties. Defendant breached the contract in that Defendant did not comply with the provisions of the insurance policy covering Plaintiff. Consequently, Plaintiff's insurance benefits were ceased causing Plaintiff immense physical, mental and financial damages.

### IV.

The damages sustained by Plaintiff will exceed the minimum of jurisdictional limits of this Court.

### V.

Plaintiff hereby makes application and demand for jury trial of this cause.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear herein and answer and that upon final hearing, Plaintiff be awarded judgment against Defendant for his damages, plus pre-judgment and post-judgment legal interest, for costs of this suit, attorney's fees and for any other further relief both general and

specific, at law or in equity, to which Plaintiff may show himself justly entitled under

the attending facts and circumstances.

Respectfully submitted,

Law Offices of Thomas J. Henry
4455 South Padre Island Drive, #13
Corpus Christi, Texas 78411
Tel.361-878-0200
Fax:361-814-1490

By: _____

Thomas J. Henry
SBN:09484210

ATTORNEY FOR PLAINTIFF,
EDDIE WOLFFORD

B

**ORIGINAL**

CAUSE NO.: A-99-0252-CV-A

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | |
| | * | 36TH   JUDICIAL DISTRICT |
| PROFESSIONAL EMPLOYEE | * | |
| STAFFING SERVICES, ET AL | * | ARANSAS  COUNTY, TEXAS |

**MOTION FOR PRIVATE PROCESS SERVICE RULE (103)**

Plaintiff moves that **Billy D. Deel and Karloz Espinosa** being disinterested person (s)

over the age of eighteen (18) and otherwise fully qualified by the law, be authorized to serve all

citations and other notices here issued in the cause on defendant (s) pursuant to Rule 103 of the

Texas Rules of Civil Procedure.

The purpose of this motion is to expedite service and make return more efficiently.

Respectfully Submitted by:

Thomas J. Henry
Attorney at Law
5425 S.P.I.D., Suite 180
Corpus Christi, Texas 78411
Telephone: 361/ 985-0600
SBN: 09484210

FILED
AT _12:15_ P M.

AUG 2 0 1999

MARY C. SHERMAN
District Clerk, Aransas County
By_____Deputy

C

ORIGINAL

CAUSE NO.: A-99-0252-CV-A

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | |
| | * | 36TH  JUDICIAL DISTRICT |
| PROFESSIONAL EMPLOYEE | * | |
| STAFFING SERVICES, ET AL | * | ARANSAS  COUNTY, TEXAS |

### ORDER PURSUANT TO RULE 103 T.R.C.P.

TO THE HONORABLE JUDGE OF SAID COURT:

On this ___13th_ day of _August_ , 19 99 came on to be heard the request of counsel in the above-styled and numbered cause, that **Billy D. Deel and Karloz Espinosa,** process server(s) for **TEXAS  CIVIL  PROCESS, INC.** located at **1650 S. Brownlee Blvd., Corpus Christi, Texas 78404**, serve the Citation and other notices in this cause. The court finds that the above named individual(s) are resident(s) of the State of Texas, over the age of eighteen (18), and not a party to or interested in the outcome of this cause.

IT IS THEREFORE ORDERED that the citation and other notices in the above-styled and numbered cause may be served by the above named individual(s) .

SIGNED THIS _13th_ DAY OF _Aug._ , 1999.

_____
Judge Presiding

FILED
AT_12:15_P M.

AUG 2 0 1999

MARY C. SHERMAN
District Clerk, Aransas County
By_____Deputy

Thomas J. Henry
Attorney at Law
5425 S.P.I.D., Suite 180
Corpus Christi, Texas 78411
Telephone: 361/ 985-0600
SBN: 09484210

D

CVisPDF – www.fsvisio.com

*RETURN*

### CAUSE NO.: *A-99-0252-CV-A*

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT |
| VS. | § | *36* __ JUDICIAL DISTRICT |
| PROFESSIONAL EMPLOYEE STAFFING | § | ARANSAS COUNTY, TEXAS |
| SERVICES, A PARTNERSHIP, GALLA A. MCGUILL | | |
| AND ALMA C. MORENO | | |

### CITATION

THE STATE OF TEXAS    §

**NOTICE TO THE DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served the foregoing document, a default judgment may be taken against you."

TO:    Professional Employee Staff Services
        1230 East Haven
        Portland, Texas

You are hereby commanded to appear before the *36th Dist.* Court of Aransas County, Texas, to be held at the courthouse of said County in the City of Corpus Christi, Aransas County, Texas, by filing a written answer to the foregoing document of Plaintiff at or before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation.

STYLE: Eddie R. Wolfford vs. Professional Employee Staffing Services, A partnership, Galla A. McGuill and Alma C. Moreno

Said Petition was filed in said court by the Law Offices of Thomas J. Henry, by Thomas J. Henry, attorney for Plaintiffs, whose address is 5425 South Padre Island Drive, Corpus Christi, Texas 78411, on this the __5__ day of __August__ , __1999__ .

IF NOT PREPARED BY THE DISTRICT CLERK'S OFFICE, FILL IN THIS PORTION:
WITNESS *Mary C. Sherman District* ____ Clerk of the *36th District* Court of Aransas County, Texas. *By Macie Castello - Deputy*
Issued and given under my hand and seal of said Court at office, this the _____ day of _____ , _____ . By
_____ , Deputy.
CLERK OF THE COURT
901 Leopard
Corpus Christi, Texas 78401

### OFFICER'S RETURN

CAME to hand on the _____ day of _____ , 19 _____ , at _____ o'clock
_____ .m. Executed at _____ , within the County of _____ at
_____ o'clock ___ .m. on the _____ , 19 _____ , by delivery to
within named _____ each in
person, a true copy of this citation together with the accompanying copy of the foregoing document having first attached such copy to such copy of citation and endorsed as such copy of citation the date of delivery.
The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:                                      Sheriff                                      of

_____ County, Texas
Total Fee for serving citation: _____          By: _____
Deputy

# FILED
AT __12:15__ P M.

## AUG 2 0 1999

### MARY C. SHERMAN
District Clerk, Aransas County
By _____ Deputy

**Citation Return**

## AUTHORIZED   PERSON   RETURN

Came to hand at **5:00** o'clock **P**.M., on the **6** day of **August**, 1999.

Executed at **1236 E Haven, Portland** in **San Patricio** County, Texas at

**7:20** o'clock **P**.M., on the **13** day of **August**, 1999,  by delivering to

**Professional Employee Staff Services** by delivering to defendant, in person a

**its owner Galla A. Mc Guill** **1** true copy of the Citation together with the accompanying _____ copy(ies) of the

**Plaintiffs Original** _____ petition

attached thereto and I endorsed on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this **16** day of **Aug.**, 1999.

"My name is **Billy D. Deel**. I am an authorized process server approved by written order of the court under Rule 103 of the Texas Rules of Civil Procedure to serve citations and other notices."

"I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.  I am an adult over the age of eighteen 18 years and I am not a party to this suit and have no interest in the outcome of the suit.  I have never been convicted of any felony or crime involving moral turpitude and am competent to make this oath.  I am able to perform the service of citation promptly and correctly pursuant to the Texas Rules of Civil Procedure, Rule 103."

JVC Fee: $40

TEXAS   CIVIL   PROCESS,   INC.
1650  SOUTH BROWNLEE BLVD.
P. O.  BOX 3785
CORPUS   CHRISTI, TEXAS   78463-3785

**Billy D. Deel**
AUTHORIZED PERSON- PRINTED NAME

**Billy D. Deel**
PROCESS SERVER'S SIGNATURE   - CP 21 -

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on **16** day of **Aug.**, 1999.

**Michelle R. Sanch**
Notary Public - State of Texas
In and For: **Nueces**
Commission Expires: **6-30-00**

MICHELLE R. SANCHEZ
Notary Public
State of Texas
My Comm. Exp. 06/30/2002

E

CVisPDF – www.fastio.com

*RETURN*

<u>CAUSE NO.</u> *A-99-0252-CV-A*

| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT |
|---|---|---|
| VS. | § | *36* JUDICIAL DISTRICT |
| PROFESSIONAL EMPLOYEE STAFFING SERVICES, A PARTNERSHIP, GALLA A. MCGUILL AND ALMA C. MORENO | § | ARANSAS COUNTY, TEXAS |

<u>CITATION</u>

THE STATE OF TEXAS    §

NOTICE TO THE DEFENDANT:    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served the foregoing document, a default judgment may be taken against you."

TO:    Galla A. McGill
       1230 East Haven
       Portland, Texas

       You are hereby commanded to appear before the *36th Dist.* Court of Aransas County, Texas, to be held at the courthouse of said County in the City of Corpus Christi, Aransas County, Texas, by filing a written answer to the foregoing document of Plaintiff at or before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation.

STYLE:  Eddie R. Wolfford vs. Professional Employee Staffing Services, A partnership, Galla A. McGuill and Alma C. Moreno

       Said Petition was filed in said court by the Law Offices of Thomas J. Henry, by Thomas J. Henry, attorney for Plaintiffs, whose address is 5425 South Padre Island Drive, Corpus Christi, Texas 78411, on this the *5* day of *August*, *1999*.

IF NOT PREPARED BY THE DISTRICT CLERK'S OFFICE, FILL IN THIS PORTION:
WITNESS *Mary C. Sherman, District* , Clerk of the *36 District* Court of Aransas County, Texas. *By Gracie Castillo - Deputy*
Issued and given under my hand and seal of said Court at office, this the _____ day of _____, _____. By
_____, Deputy.
CLERK OF THE COURT
901 Leopard
Corpus Christi, Texas 78401

OFFICER'S RETURN

CAME to hand on the _____ day of _____, 19 _____, at _____ o'clock _____ .m.  Executed at _____, within the County of _____ at _____ o'clock ___ .m. on the _____, 19_____, by delivery to within named _____ each in person, a true copy of this citation together with the accompanying copy of the foregoing document having first attached such copy to such copy of citation and endorsed as such copy of citation the date of delivery.

       The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:                                        Sheriff                                        of

_____ County, Texas
Total Fee for serving citation: _____    By _____,
Deputy

**FILED**
AT *12:15 P* M.

AUG 2 0 1999

MARY C. SHERMAN
District Clerk, Aransas County

Citation Return

## AUTHORIZED   PERSON   RETURN

Came to hand at 5:00 o'clock P .M., on the 6 day of August, 1999.

Executed at ~~7~~ 1230 E. Haven, Portland in Sun Patricio County, Texas at 7:20 o'clock P .M., on the 13 day of Aug., 1999, by delivering to Galla A. McGuill defendant, in person a true copy of the Citation together with the accompanying 1 copy(ies) of the Plaintiff's Original petition attached thereto and I endorsed on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this 16 day of Aug., 1999.

"My name is Billy D. Peel. I am an authorized process server approved by written order of the court under Rule 103 of the Texas Rules of Civil Procedure to serve citations and other notices."

"I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated. I am an adult over the age of eighteen 18 years and I am not a party to this suit and have no interest in the outcome of the suit. I have never been convicted of any felony or crime involving moral turpitude and am competent to make this oath. I am able to perform the service of citation promptly and correctly pursuant to the Texas Rules of Civil Procedure, Rule 103."

Svc. fee: 50.00

**TEXAS   CIVIL   PROCESS,   INC.**
**1650   SOUTH   BROWNLEE   BLVD.**
P. O.   BOX 3785
**CORPUS   CHRISTI,   TEXAS   78463-3785**

Billy D. Peel
AUTHORIZED PERSON- PRINTED NAME

Billy D. Peel
PROCESS SERVER'S SIGNATURE       - CP 21 -

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on 16 day of Aug., 1999.

Michelle R. Sanchez
Notary Public - State of Texas
In and For Nueces
Commission Expires: 6-30-02

MICHELLE R. SANCHEZ
Notary Public
State of Texas
My Comm. Exp. 06/30/2002

F

RETURN

CAUSE NO.: *A-99-0252-CV-A*

| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT |
| VS. | § | 36 JUDICIAL DISTRICT |
| PROFESSIONAL EMPLOYEE STAFFING SERVICES, A PARTNERSHIP, GALLA A. MCGUILL AND ALMA C. MORENO | § | ARANSAS COUNTY, TEXAS |

## CITATION

THE STATE OF TEXAS    §

NOTICE TO THE DEFENDANT:    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served the foregoing document, a default judgment may be taken against you."

TO:    Alma C. Moreno
       2732 Houghton, #2713
       Ingleside, Texas

You are hereby commanded to appear before the 36 *Dist.* Court of Aransas County, Texas, to be held at the courthouse of said County in the City of Corpus Christi, Aransas County, Texas, by filing a written answer to the foregoing document of Plaintiff at or before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation.

STYLE:    Eddie R. Wolfford vs. Professional Employee Staffing Services, A partnership, Galla A. McGuill and Alma C. Moreno

Said Petition was filed in said court by the Law Offices of Thomas J. Henry, by Thomas J. Henry, attorney for Plaintiffs, whose address is 5425 South Padre Island Drive, Corpus Christi, Texas 78411, on this the __5__ day of __August__, __1999__.

IF NOT PREPARED BY THE DISTRICT CLERK'S OFFICE, FILL IN THIS PORTION:
WITNESS *Mary C. Sherman*, *District* Clerk of the 36 *District* Court of Aransas County, Texas. By *Gracie Castillo - Deputy*

Issued and given under my hand and seal of said Court at office, this the _____ day of _____, _____. By _____, Deputy.

CLERK OF THE COURT
901 Leopard
Corpus Christi, Texas 78401

OFFICER'S RETURN

CAME to hand on the _____ day of _____, 19 _____, at _____ o'clock _____ .m. Executed at _____, within the County of _____ at _____ o'clock _____ .m. on the _____, 19_____, by delivery to within named _____ each in person, a true copy of this citation together with the accompanying copy of the foregoing document having first attached such copy to such copy of citation and endorsed as such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    Sheriff

_____ County, Texas
Total Fee for serving citation: _____    By: _____
Deputy

**FILED**
AT _12:15 P_ M.

## AUG 2 0 1999

## MARY C. SHERMAN
District Clerk, Aransas County
By *Gracie Castillo* Deputy

**Citation Return**

## AUTHORIZED PERSON RETURN

Came to hand at 5:00 o'clock P.M., on the 16 day of August, 1999.

Executed at 2732 Houghton #2713 Inglesid in Sun Pat County, Texas at

10:55 o'clock P.M., on the 13 day of Aug., 1999, by delivering to

Alma C. Moreno _____ defendant, in person a

true copy of the Citation together with the accompanying ___1___ copy(ies) of the

Plaintiffs Original _____ petition

attached thereto and I endorsed on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this 16 day of Aug., 1999.

"My name is Billy D Deel. I am an authorized process server approved by written order of the court under Rule 103 of the Texas Rules of Civil Procedure to serve citations and other notices."

"I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated. I am an adult over the age of eighteen 18 years and I am not a party to this suit and have no interest in the outcome of the suit. I have never been convicted of any felony or crime involving moral turpitude and am competent to make this oath. I am able to perform the service of citation promptly and correctly pursuant to the Texas Rules of Civil Procedure, Rule 103."

Svc. Fee: 50⁰⁰

TEXAS CIVIL PROCESS, INC.
1650 SOUTH BROWNLEE BLVD.
P. O. BOX 3785
CORPUS CHRISTI, TEXAS 78463-3785

Billy D Deel
**AUTHORIZED PERSON- PRINTED NAME**

Billy D Deel
**PROCESS SERVER'S SIGNATURE** - CP 21 -

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on 16 day of Aug., 1999.

Michelle R Sanchez

**Notary Public - State of Texas**
**In and For**
**Commission Expires:** 10-30-02

MICHELLE R. SANCHEZ
Notary Public
State of Texas
My Comm. Exp. 06/30/2002

MARY G SHERMAN
District Clerk Aransas County

G

CAUSE NUMBER A-99-0252-CV-A

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 36TH JUDICIAL DISTRICT |
| | § | |
| PROFESSIONAL EMPLOYEE STAFFING | § | |
| SERVICES, A PARTNERSHIP, GALLA A. | § | |
| MCGUILL AND ALMA C. MORENO | § | ARANSAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now Come Defendants, GALLA A. MCGUILL INDIVIDUALLY and PROFESSIONAL EMPLOYEE STAFF SERVICES A PARTNERSHIP to answer herein and show:

### I. (GENERAL DENIAL)

Defendants deny each and every allegation of Plaintiff and demand strict proof of Plaintiff's claims, hereby pleading a General Denial Pursuant to TRCP, Rule 92.

### II. (SPECIAL DENIAL)

Whereas Plaintiff claims Defendants did not comply with the provisions of an insurance policy such is not true, but instead Defendants provided the insurance coverage as agreed but subsequently ceased to be an operating business. Having provided the insurance coverage, Defendants did not breach the employment contract between them and Plaintiff. Defendants did not contract with any entity to continue operating as a business for any specific period of time and therefore ceasing to operate a business did not violate any contract provisions.

FILED
AT _____ 3:20 P.M.

SEP 0 2 1999

MARY C. SHERMAN
District Clerk Aransas County
By _____ Deputy

1

### III (LIMITATIONS)

Plaintiff, according to the date of the accident he claims as his factual basis of cause of action, would have had to bring suit within two years and failing to do so his claim to the extent it is based on the accident would be barred by the 2 year Statute of Limitations, which defense Defendants hereby claim.

### IV (JOINDER)

Defendants allege certain entities related to Plaintiff's allegations in this suit should be joined pursuant to TRCP Rule 38(a) and Rule 39, or (in the alternate Rule 40). In particular should be joined is the Insurance Company from whom Defendants obtained coverage on the basis that the contract with such entity (and its performance) appear to be the key issues as to liability for the damages Plaintiff claims.

Such particular third party referred to above is as follows:

(1)   Pan American Occupational Program
      Policy No. 77279
      c/o National Marketing and Adm.
      9720 Beechnut, Suite 210
      Houston, Texas 77036

### V. (DISCHARGE OF BANKRUPTCY-SPECIAL DENIAL)

Defendants allege they had filed and became discharged in a Federal Bankruptcy proceeding Chapter Seven prior to Plaintiffs filing of Original Petition. Bankruptcy Case No. 98-21496, Corpus Christi Division, Southern District of Texas. Plaintiff was included as a creditor as to the identical claim made herein and Defendants were discharged of Plaintiff's claims.

## VII. (SUGGESTION OF BANKRUPTCY)

In the alternate but not waiving the foregoing, Defendant, Galla A. McGuill, is currently a Debtor in Chapter 13 bankruptcy proceedings which would operate as an automatic stay of Plaintiff from asserting his claim against her (Bankruptcy Case No. 99-21632-C-13, Corpus Christi Division, Southern District of Texas).

WHEREOF DEFENDANTS PRAY:

(1)   This cause be dismissed and Plaintiff's claims all be denied.

(2)   All cost herein be charged to Plaintiff.

(3)   In the alternate the Court shall order joinder herein of third parties, predecessors in title of Defendants and this cause be heard upon presentations of all parties.

(4)   In any event this cause be stayed due to pending bankruptcy of Defendant Galla A. McGuill.

Respectfully submitted,

Galla A. McGuill, Individually

W. J. Sames
P.O. Box 3249
Corpus Christi, TX   78463
(512) 884-4357
State Bar I.D. #17555000

3

## VERIFICATION

STATE OF TEXAS          §
                                §

COUNTY OF NUECES      §

      BEFORE ME, the undersigned authority, on this day personally appeared GALLA A. MCGUILL being by me duly sworn, upon her oath acknowledged and said that she has read the foregoing Defendant's Original Answer and that the statements contained therein are based on her personal knowledge and are true and correct.



GALLA A. MCGUILL

      SUBSCRIBED AND SWORN TO BEFORE ME this 1st day of September 1999, to certify which witness my hand and official seal.

RACHEL M. GARZA
Notary Public
STATE OF TEXAS
My Comm. Exp. June 14, 2000

Notary Public, State of Texas

## CERTIFICATE OF SERVICE

      I, certify that a true and correct copy of the foregoing was served by FAX and or Certified Mail to the party listed below on this _____ day of September 1999.

Thomas J. Henry
4455 South Padre Island Drive, #13
Corpus Christi, Texas 78411

W. J. Sames, Attorney

4

CHMPDF - www.fenriz.com

H

Create PDF www.fineprint.com

Case 2:00-cv-00108   Document 1   Filed in TXSD on 03/14/2000   Page 28 of 74

CAUSE NO. A-99-0252-CV-A

EDDIE R. WOLFFORD                    §        IN THE DISTRICT COURT
                                     §
VS.                                  §
                                     §        36TH JUDICIAL DISTRICT
                                     §                    FILED
PROFESSIONAL EMPLOYEE STAFFING       §        AT _____ 4:45 P.M.
SERVICES, A PARTNERSHIP, GALLA       §
A. McGUILL AND ALMA C. MORENO        §        ARANSAS COUNTY, TEXAS
                                              SEP 02 1999

              SPECIAL APPEARANCE              MARY C. SHERMAN
                                              District Clerk, Aransas County
      GALLA A. McGUILL and ALMA C. MORENO, individually, and in behalf

of Professional Employee Staff Services, having been served with

faulty and erroneous process, and denying jurisdiction herein, make

a Special Appearance and show as follows:

                              I.

CITATION:

      Citation herein is incorrect as it commands these parties to

appear at the Courthouse in Corpus Christi, Aransas County, Texas.

As such citation is patently incorrect, it cannot be enforced.

                             II.

JURISDICTION:

      This Court does not have jurisdiction as:

      1.  Citation is faulty and does not give proper notice.

      2.  This Court is pre-empted by the U.S. Bankruptcy Code and

Court as set out hereinafter and any action is prohibited by Federal

law.

                             III.

BANKRUPTCY:

      GALLA A. McGUILL and ALMA C. MORENO filed their voluntary

petitions in U.S. Bankruptcy Court under Nos. 98-21496-C-7 and 98-
21497-C-7.  Said petitioners were duly discharged of debts as shown
by copy of discharge attached hereto.  EDDIE R. WOLFFORD, the
plaintiff, was listed as a creditor therein.  See pleadings in
Cause No. A-98-0345-CV-A in this Court.

The U.S. Bankruptcy Court by virtue of above cases has sole and
exclusive jurisdiction of any claim of the plaintiff, EDDIE R.
WOLFFORD, and in fact by virtue of the Discharge received in
Bankruptcy Court, the alleged debt or claim of EDDIE R. WOLFFORD
is totally barred.

The proceedings in this Court are in violation of Bankruptcy
Law and are subject to contempt.

IV.

DUAL FILING:

Plaintiff is abusing this Court as he has previously filed suit
alleging the same cause of action.

V.

Wherefore, the special appearants herein, GALLA A. McGUILL and
ALMA C. MORENO, say they are not subject to this jurisdiction and
that this cause, if any, is barred by the pre-emption, automatic stay
and discharge of the U.S. Bankruptcy Court and Code.

These appearants therefore request the Court that no further
proceedings be permitted herein and that they go hence with such
action, prohibition, dismissal and restraint as may be appropriate.

W. J. NUTTO
State Bar No. 15148000
P. O. Box 1291
Corpus Christi, TX  78403
361-992-1047

2

## CERTIFICATE

Copy of foregoing Special Appearance was mailed to Thomas J. Henry, Attorney for Plaintiff, at his address of record on this 1st day of September, 1999.

_____
W. J. NUTTO

3

CUtePDF - www.fastio.com

I

CAUSE NO. _____

| EDDIE R. WOLFFORD,<br>PLAINTIFF | § | IN THE JUDICIAL DISTRICT |
|---|---|---|
| vs. | § | _____ DISTRICT COURT |
| PROFESSIONAL EMPLOYEE STAFFING<br>SERVICES, A PARTNERSHIP, GALLA A.<br>MCGUILL AND ALMA C. MORENO | § | ARANSAS COUNTY, TEXAS |

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of Action: Check all claims pled:   [ ] Commercial   [ ] Personal Injury   [ ] Death   [ x ] Other

| | | | | |
|---|---|---|---|---|
| [ ] Account due | [ ] Defamation | [ ] Fraud | [ ] Product Liability | [ ] Asbestos |
| [ ] Admiralty | [ ] Disbarment | [ ] Garnishment | [ ] Post Judgment | [ ] Assault |
| [ ] Discrimination | [ ] Injunction/TRO | [ ] Railroad | [ ] Ins. Bad Faith | [ ] Dram Shop |
| [ ] Auto | [ ] DTPA | [ ] Malicious Prosecution | [ ] Real Estate | [ ] Bill of Review |
| [ ] Employment Discharge | [ ] Malpractice/Legal | [ ] Sequestration | [ ] Business Dissolution | [ ] Environmental Tort |
| [ ] Malpractice/Medical | ] Silicone Implant | [ ] Conspiracy | [ ] Expunction | ] Malpractice/Other |
| [ ] Tax | [ ] Contract | [ ] False Imprisonment | [ ] Name Change | [ ] Deed Restriction |
| [ ] Foreclosure | ] Note | [ ] Trespass | [ ] Declaratory Judgment | [ ] Forfeiture |
| [ XX ] Premises Liability | [ ] Workers Compensation | [ xxx ] Breach of Contract | | |

Has this dispute previously been in the Aransas County Courts? [X] No  [ ] Yes, in the following court:

_____

Monetary damages sought:   [ ] less than $50,000.00   [xx] greater than $50,000.00

Desired discovery level:   []evel 1 (TRCP 190.2)   [xx] Level 2 (TRCP 190.3) [ ] Level 3 (TRCP 190.4)
*A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt. o. The court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. id.

Estimate time needed for discovery:   [ ] 0-3 months   [ ] 4-6 months   [X] 7-12 months   [ ] Other

Estimate time needed for trial:   [ ] 1-2 days   [X] 3-5 days   [ ] 6-10 days   [ ] ? 10 days

Is there a likelihood of experts other than treating physicians or experts on attorney's fees? [ ] Yes  [X] No

Is immediate ADR requested?  [ ] Yes  [X] No

Name of party filing this cover sheet: Eddie Wolfford

Signature of attorney or pro se filing cover sheet: _Thomas J. Henry // w/ permission-gt_
Name printed: Thomas J. Henry
Phone No.: 512-985-0600 _____ Bar No.: 09484210

FOR COURT USE ONLY:
   Tract Assigned:   [ ] Tract 1   [ ] Tract 2   [ ] Tract 3

   Court Coordinator: _____   Date: _____

CMPDF - www.festo.com

J

B27J (Official Form 27)
(Rev. 10/87)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Texas (Corpus Chris)

In re: Galla Ann McGuill, 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, aka      Bankrupty Case No.: 98-21496 - rss
       Galla Ann Serna
       Ernest Ray McGuill, 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      Chapter: 7

Debtor*                                        Joint Debtor*
Social Security No.: 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               Social Security No.: 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
Employer Tax ID. No.:                          Employer Tax ID. No.:

## DISCHARGE OF JOINT DEBTORS

It appears that the persons named above filed a petition commencing a joint case under title 11, United States Code on 9/22/98 , that an order for relief was entered under chapter 7, and that no complaint objecting to the discharge of the debtors was filed within the time fixed by the court [or that a complaint objecting to dischargeof one or both of the debtors was filed and, after due notice and hearing, was not sustained].

**IT IS ORDERED THAT:**

1. The above-named debtors is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

     (a) debts dischargeable under 11 U.S.C. § 523;

     (b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from the discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523 (a);

     (c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above named debtor.

1/8/99                                         Richard S. Schmidt
Date                                           Bankruptcy Judge

*Set forth all names, including trade names, used by the debtor within the last 6 years  (Bankruptcy Rule 1005).For joint debtors set forth both social security numbers

210124848 39486

K

CREATE - www.lexisn.com

B27J (Official Form 27)
(Rev. 10/87)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Texas (Corpus Chris)

In re: Alma Moreno, 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
      Lupe Moreno, 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

Bankruptcy Case No.: 98-21497 - rss

Chapter: 7

Debtor*
Social Security No.: 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
Employer Tax ID. No.:

Joint Debtor*
Social Security No.: 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
Employer Tax ID. No.:

### DISCHARGE OF JOINT DEBTORS

It appears that the persons named above filed a petition commencing a joint case under title 11, United States Code on 9/22/98 , that an order for relief was entered under chapter 7, and that no complaint objecting to the discharge of the debtors was filed within the time fixed by the court [or that a complaint objecting to discharge of one or both of the debtors was filed and, after due notice and hearing, was not sustained].

### IT IS ORDERED THAT:

1. The above-named debtors is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

    (a) debts dischargeable under 11 U.S.C. § 523;

    (b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from the discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523 (a);

    (c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above named debtor.

1/8/99
Date

Richard S. Schmidt
Bankruptcy Judge

---

*Set forth all names, including trade names, used by the debtor within the last 6 years. (Bankruptcy Rule 1005). For joint debtors set forth both social security numbers.

210124640 39485

CIMPDF - www.fenrir.com

L

Created by www.foxitco.com



## CAUSE NO. A-99-0252-CV-A

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 36TH JUDICIAL DISTRICT |
| | § | |
| PROFESSIONAL EMPLOYEE STAFF | § | |
| SERVICE, A PARTNERSHIP, GALLA | § | |
| A. MCGUILL, ALMA C. MORENO AND | § | |
| PAN AMERICAN LIFE INSURANCE CO. | § | ARANSAS COUNTY, TEXAS |

**FILED**

AT_____3:15 P M.

FEB 0 2 2000

MARY C. SHERMAN
District Clerk, Aransas County
By _____ Deputy

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **EDDIE WOLFFORD**, hereinafter referred to as Plaintiff, complaining of Professional Employee Staff Services, a Partnership and Pan American Life Insurance Company, hereinafter referred to collectively as Defendants and when being referred to individually as Defendant Staff Services and Defendant Pan American, and for cause of action would show unto the Court the following;

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends that the discovery be controlled under Discovery Control Plan Level Two under the Texas Rules of Civil Procedure 190.3.

### II.

### VENUE

Plaintiff is a resident of Aransas Pass, San Patricio County, Texas. The incident made the basis of this suit occurred in Rockport, Aransas County, Texas.

Defendant, Staff Services is a business which operated in Portland, San Patricio County, Texas, and has been served and answered herein.

Defendant Pan American is an insurance company providing occupational excess risks accident insurance, non-contributory, non-participating insurance and provided said insurance to Defendant Staff Services. Defendant Pan American may be served by serving its registered

1

agent for service C. T. Corporation System, 811 Dallas Ave., Houston, Texas 77002.

## III.

## FACTUAL BACKGROUND

Defendant, Staff Services, is an employee staffing company. Plaintiff was employed with Defendant Staff Services on or about March 1997. Plaintiff was assigned to perform work at a company in Portland, Texas. Defendant Staff Services is a non-subscriber to the Texas Worker's Compensation Insurance. Defendant Staff Services obtained a policy of insurance from Defendant Pan American bearing policy number 77279 effective December 24, 1996 with an expiration of January 1, 1998. Under said policy, a copy of which is marked as Exhibit "A", attached hereto and made a part hereof as if copied herein verbatim, Defendant Pan American agreed to pay benefits provided in the policy. Plaintiff was one of the covered employees under the above referenced policy.

On or about March 7, 1997, Plaintiff was injured while working for Defendant Staff Services. On that date, Plaintiff was assigned to work for Coastline Resources and he was at the Brown Water Marine's docks when a falling crane struck Plaintiff slamming him into a pickup truck. Plaintiff suffered severe injuries to his body in general and specifically to his neck, arms, shoulders and back.

## IV.

## BREACH OF CONTRACT

Plaintiff was an employee of Defendant Staff Services. Defendant Pan American supplied insurance pursuant to Exhibit "A" to Defendant Staff Services and Plaintiff was one of the covered employees under the policy shown as Exhibit "A". A contract existed between Plaintiff and Defendant Staff Services and Plaintiff was a beneficiary and/or third party beneficiary under Defendant Pan American's insurance policy covering Defendant Staff Services and its employees. Plaintiff had agreed to work for Defendant Staff Services in exchange for

2

salary and insurance coverage which would cover his medical expenses and provide him with weekly indemnity checks in lieu of his salary in the event of an on the job injury. Because of the on the job injury Plaintiff suffered injuries as set forth herein above and Plaintiff was unable to perform his duties for Defendant Staff Services. Defendants breached their contract with Plaintiff in that Defendants did not comply with the provisions of the insurance policy covering Plaintiff all as set forth in Exhibit "A". Consequently, Plaintiff's insurance benefits were never begun and/or ceased shortly after the injury leaving Plaintiff with immense physical damages and medical bills and bills from other health care providers causing Plaintiff severe financial damages. Because of the breach by Defendants Plaintiff has had to forego medical treatment.

### V.

The damages sustained by Plaintiff exceed the minimum of jurisdictional limits of this Court.

### VI.

Defendants wholly failed and refused to comply with Plaintiff's demands for payment under Exhibit "A". Plaintiff was therefore required to hire an attorney to represent him in this matter. Plaintiff retained the Law Offices of Thomas J. Henry and has agreed to pay said Law Firm the sum of $150.00 per hour for their reasonable and necessary attorney's fees in the investigation, trial preparation and trial of the above entitled and numbered cause. Plaintiff therefore asks this Court to grant him attorney's fees in the amount of $150.00 per hour for all work done for and on behalf of Plaintiff by the Law Offices of Thomas J. Henry up to and through trial.

In the event that either parties seeks an appeal to the Court of Appeals in this case Plaintiff asks that this Honorable Court award attorney's fees of $7, 500.00 to compensate Plaintiff's counsel for their work on said appeal.

In the event that either parties seeks an appeal to the Supreme Court in this case Plaintiff

asks that this Honorable Court award attorney's fees of $7, 500.00 to compensate Plaintiff's counsel for their work on said appeal.

## VII.

Plaintiff hereby makes application and demand for jury trial of this cause.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and answer herein and that upon final hearing or trial hereof Plaintiff be awarded judgment against Defendants for his damages, for pre-judgment interest, post-judgment interest, for costs of suit, for attorney's fees as set forth above and for such other further relief both general and special at law or in equity, to which Plaintiff may show himself justly entitled and for which Plaintiff will ever pray.

Respectfully submitted,

**The Law Offices of Thomas J. Henry**
5425 South Padre Island Drive, Ste. 180
Corpus Christi, Texas 78411
Phone: (361) 985-0600
Facsimile: (361) 985-0601

CORNEL W. WALKER
SBN # 20695500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by certified mail, return receipt requested, unless otherwise specified on this the _____ day of January 2000.

*Via Hand Delivery* R. M.
W.J. Sames
Attorney at Law
P. O. Box 3249
Corpus Christi, Texas 78463

W.J. Nutto
Attorney at Law
3150 So. Alameda
Corpus Christi, Texas 78404

CORNEL W. WALKER

4

M

©BCLPDF – www.fastio.com

Case 2:00-cv-00108   Document 1   Filed in TXSD on 03/14/2000   Page 43 of 74

804 CITATION FOR PERSONAL SERVICE. District Cour · Rev 1/88    Jeri's    FOR SALE BY TEXAS COUNTY PRINTING & SER...

| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF OR PLAINTIFF |
|---|---|
| MARY C. SHERMAN    Name | THOMAS J. HENRY    Name |
| 301 N LIVE OAK    Address | 5425 SOUTH PADRE ISLAND DRIVE STE 180    Address |
| ROCKPORT         TX 78382 | CORPUS CHRISTI         TX 78411 |

CAME TO HAND: 02.14.20C

2-18-00 4:10 private

# THE STATE OF TEXAS

DELIVERED: 2.18.00

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To C.T. CORPORATION SYSTEM, REGISTERED AGENT FOR PAN AMERICAN, 811 DALLAS AVE HOUSTON TEXAS 77002 _____ Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's _____
FIRST AMENDED _____ Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable _____
District Court ___36TH___ Judicial District of ___ARANSAS___ County, Texas at the Court House of said County in _____ROCKPORT_____ , Texas.

Said Plaintiff's Petition was filed in said court on the _2__ day of ___FEBRUARY___ A.D. 19 2000 in this case, numbered ____A-99-0252-CV-A____ on the docket of said court, and styled,

EDDIE R. WOLFFORD _____ Plaintiff.

VS. PROFESSIONAL EMPLOYEE STAFF SERVICE, A PARTNERSHIP, GALLA A. MCGUILL
ALMA C. MORENO AND PAN AMERICAN LIFE INSURANCE CO. _____ Defendant.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's___FIRST AMENDED___ _____ Petition accompanying this citation and made a part hereof.

SEE ATTACHED COPY OF PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand seal of said Court at _____ROCKPORT_____ , Texas this the __2ND__ day of ___FEBRUARY___ A.D. 19 2000 .

MARY C. SHERMAN _____ Clerk, District Court,

ARANSAS _____ County, Texas.

(SEAL)

By _Gracie Castillo_ , Deputy.

**TEXAS CIVIL PROCESS, INC.**

Rule 106: "–the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery thereof ... with a ... of the petition attached thereto."

Delivered this Day with a 9000

P.O. Box 3785
Corpus Christi, Tx. 78463-3785

By _____

# SHERIFF'S RETURN

Came to hand on _____ day of _____ , 19_____ , at _____o'clock

_____M., and executed in _____ County, Texas, by delivering to
each of the with-in named defendants, in person, a true copy of this Citation, having first endorsed thereon the date
of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times,
to-wit:

| NAME | DATE | | | TIME | | |
|------|------|------|------|------|------|------|
| | Month | Day | Year | Hour | Min. | M. |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

And not executed as to the defendant____ , _____

the diligence used in finding said defendant____ , being _____
and the cause of failure to execute this process is: _____
and the information received as to the whereabouts of the said defendant____ , being_____

_____ , Sheriff

FEES–Serving _____ cop___ $_____

_____ County, Texas

Total _____ $_____    By _____ , Deputy

---

864

Case No.  A-99-0252-CV-A

EDDIE R. WOLFFORD

vs.

PROFESSIONAL EMPLOYEE STAFF
SERVICE, A PARTNERSHIP, GALIA A.
MCGULL, ALMA C. MORENO AND PAN AMERICAN LIFE
INSURANCE

## Citation for Personal Service

IN DISTRICT COURT

JUDICIAL DISTRICT
County, Texas

of  ARANSAS

Issued

This 2 day of  FEBRUAY  A.D. 19 2000
MARY C.  SHERMAN
Clerk, District Court,
ARANSAS County, Texas
By _____ , Deputy

Filed

This____ day of _____ A.D. 19____
MARY C.  SHERMAN
Clerk, District Court,
ARANSAS County, Texas
By _____ , Deputy

FOR SALE BY TEXAS COUNTY PRINTING & SERVICES

CAUSE NO. A-99-0252-CV-A

EDDIE R. WOLFFORD                    §        IN THE DISTRICT COURT OF
                                     §
V.                                   §
                                     §        ARANSAS COUNTY, TEXAS
                                     §
PROFESSIONAL EMPLOYEE STAFF          §
SERVICE, A PARTNERSHIP, GALLA        §
A. McGUILL, ALMA C. MORENO AND       §
PAN AMERICAN LIFE INSURANCE CO.      §        36TH JUDICIAL DISTRICT

## PAN AMERICAN LIFE INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

Pan American Life Insurance Company, one of the named defendants, files its original

answer in response to Plaintiff's First Amended Original Petition, and for such respectfully

shows the court as follows:

1.      Defendant generally denies the material allegations contained in Plaintiff's

pleadings on file, says the same are untrue, and demands strict proof at trial.

WHEREFORE, PREMISES CONSIDERED, Pan American Life Insurance Company,

Defendant, prays that upon final hearing hereof Plaintiff take nothing by reason of this

action, and that Defendant go hence with its costs and for such other and further relief to

which it may show itself justly entitled.

FILED

AT_____M.

FEB 2 8 2000

MARY C. SHERMAN
District Clerk, Aransas County
By_____Deputy

N

CVisPDF – www.fastio.com

Respectfully submitted,

**DUNN & WEATHERED, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(512) 883-1594 [FAX 883-1599]

BY: _____

L. Nelson Hall
State Bar No. 08785800
Frank Weathered
State Bar No. 20998600

**COUNSEL FOR PAN AMERICAN
LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on all known counsel of record in the manner indicated on this date of 28 February 2000.

_____

L. Nelson Hall

**VIA CMRRR Z 186 828 750**
Mr. Cornel W. Walker
LAW OFFICES OF THOMAS J. HENRY
5425 South Padre Island Drive, Suite 180
Corpus Christi, Texas 78411

**VIA CMRRR Z 199 591 856**
Mr. W. J. Sames
ATTORNEY AT LAW
P.O. Box 3249
Corpus Christi, Texas 78463

2

**<u>VIA CMRRR Z 199 591 857</u>**
Mr. W. J. Nutto
ATTORNEY AT LAW
P.O. Box 1291
Corpus Christi, Texas 78403



## CAUSE NO. A-99-0252-CV-A

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 36TH JUDICIAL DISTRICT |
| | § | |
| PROFESSIONAL EMPLOYEE STAFF | § | |
| SERVICE, A PARTNERSHIP, GALLA | § | |
| A. MCGUILL, ALMA C. MORENO AND | § | |
| PAN AMERICAN LIFE INSURANCE CO. | § | ARANSAS COUNTY, TEXAS |

### MOTION FOR CONTINUANCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES, EDDIE WOLFFORD,** hereinafter referred to as Plaintiff, and files this his Motion for Continuance seeking to continue this case from its current trial setting and in support of the same will show unto the Court the following.

**FILED**

AT _____ 3:35 P.M.

### I.

This case is currently set for a jury trial on Tuesday, February 22, 2000.

FEB 0 7 2000

MARY C. SHERMAN
District Clerk, Aransas County
By _____ Deputy

### II.

Although this case was first filed on October 9, 1998 with parties being added on August 5, 1999 the above entitled and numbered cause has been the subject of a bankruptcy stay. Defendants Gallas McGuill and Alma C. Moreno filed a petition in the United States Bankruptcy Court for the Southern District, Corpus Christ Division and gave notice of said Petition in Bankruptcy in the answer they had filed on behalf of all who were Defendants at that time. Said notice invoked the automatic Bankruptcy Stay. Said stay was not lifted until December 13, 1999. Pursuant to the United States Code governing bankruptcy all proceedings, including discovery was stayed until such time as the Court lifted the stay. Plaintiff has therefore been unable to conduct any discovery in the above entitled and numbered cause. In addition thereto Plaintiff has recently amended his petition in order to add an additional Defendant as a party to the above entitled and numbered cause. Said Defendant is a necessary party and/or proper party pursuant to Rule 39 and Rule 37 Tex. Rules of Civ. Proc.

Plaintiff submits that Defendant Professional Employee Staff Service is a partnership wherein the two named partners filed bankruptcy. Although the Bankruptcy Court has ruled that the bankruptcy is not in effect as to the partnership it has been represented that the partnership has no assets. The new Defendant, Pan American Life Insurance Company is an insurance carrier which was providing reimbursement insurance to the partnership.

### III.

Plaintiff hereby submits that to proceed to trial without Defendant Pan American Life Insurance Company will be an inefficient use of the Court's time and of the assets of the Court as well as of the Plaintiff and the Defendants in that the partnership has no assets and therefore a trial and verdict against the partnership absent Defendant Pan American Life Insurance Company would create the necessity of a second trial involving the same facts and virtually the same witnesses. Plaintiff further seeks this continuance in order to conduct discovery which he has been prevented from conducting in light of t he stay.

### IV.

Plaintiff seeks this continuance not for purposes of delay only but so that justice may be done and so that the Court's time and resources and the time and resources of the attorney's can be economized. Plaintiff further seeks this continuance in order to conduct discovery which Plaintiff was unable to do because of the bankruptcy stay.

### V.

Plaintiff request that this Court grant this Motion for Continuance and that this matter be removed from its current setting and that it be reset on the Court's docket the first convenient trial date during August 2000.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this honorable Court grant this his Motion for Continuance and that this trial be continued from its current setting and that it be reset at the Court's convenience no earlier then August 2000 and for such other and

further relief both at law and at equity to which Plaintiff may show himself justly entitled.

Respectfully submitted;

LAW OFFICES OF THOMAS J. HENRY
5425 South Padre Island Drive, Suite 180
Corpus Christi, Texas 78411
Telephone: (512) 985-0600
Facsimile: (512) 985-0601

By: _____
Cornel W. Walker
State Bar No. 20695500

## NOTICE OF SETTING

A hearing on the forgoing Motion to Continuance is set for February 22, 2000 at 9:00 A.M.

in the Court of the 36th District Court, in Aransas County, Texas.

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly

served via certified mail, return receipt requested to opposing counsel, in accordance with the Texas

Rules of Civil Procedure on this the ____ day of February 2000.

W.J. Sames                                 W.J. Nutto
Attorney at Law                            Attorney at Law
P. O. Box 3249                             3150 So. Alameda
Corpus Christi, Texas 78463                Corpus Christi, Texas 78404

_____
**CORNEL W. WALKER**

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney for Plaintiff has made attempts to resolve the

disputes involved in the substance of this Motion, which attempts were unsuccessful; therefore, the

matter is presented to the Court for determination.

_____
**CORNEL W. WALKER**

## CAUSE NO. A-99-0252-CV-A

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 36TH JUDICIAL DISTRICT |
| | § | |
| PROFESSIONAL EMPLOYEE STAFF | § | |
| SERVICE, A PARTNERSHIP, GALLA | § | |
| A. MCGUILL, ALMA C. MORENO AND | § | |
| PAN AMERICAN LIFE INSURANCE CO. | § | ARANSAS COUNTY, TEXAS |

## AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

**BEFORE ME,** the undersigned Notary Public in and for the County of Nueces, State of Texas, came **EDDIE WOLFFORD,** the undersigned Affiant, being first duly sworn according to law and who under oath stated that he is above the age of eighteen (18), of sound mind, and has never been convicted of any criminal offense and states as follows:

" I, Eddie Wolfford, acknowledge and confirm that I have read the attached Motion for Continuance and that everything contained in this Motion is true and correct to the best of my knowledge.

"Further, Affiant sayeth not"

_____

**EDDIE WOLFFORD, Affiant**

**SUBSCRIBED AND SWORN TO BEFORE ME** by Eddie Wolfford appeared on this 3rd day of February 2000 to certify which witness my hand and seal of office.

_____

Notary Public, State Of Texas

IRENE G. VALADEZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
12-15-2002

P

CAUSE NO. A-99-0252-CV-A

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | |
| | § | ARANSAS COUNTY, TEXAS |
| PROFESSIONAL EMPLOYEE STAFF | § | |
| SERVICE, A PARTNERSHIP, GALLA | § | |
| A. McGUILL, ALMA C. MORENO AND | § | |
| PAN AMERICAN LIFE INSURANCE CO. | § | 36TH JUDICIAL DISTRICT |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that Defendant Pan American Life Insurance Company has, pursuant to federal law, filed with the clerk of the United States Court for the Southern District of Texas, Corpus Christi Division, a notice of removal, a copy of which is attached and filed with this document, and that this action is removed to the United States District Court as of today, March 13, 2000. This court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

**DUNN & WEATHERED, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(512) 883-1594 [FAX 883-1599]

BY: _____

L. Nelson Hall
State Bar No. 08785800
Frank Weathered
State Bar No. 20998600
**COUNSEL FOR DEFENDANT, PAN
AMERICAN LIFE INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on all known counsel of record in the manner indicated on this date of 13 March 2000.

_____

L. Nelson Hall

**VIA CMRRR Z 199 591 882**
Mr. Cornel W. Walker
LAW OFFICES OF THOMAS J. HENRY
5425 South Padre Island Drive, Suite 180
Corpus Christi, Texas 78411

**VIA CMRRR Z 199 591 883**
Mr. W. J. Sames
ATTORNEY AT LAW
P.O. Box 3249
Corpus Christi, Texas 78463

**VIA CMRRR Z 199 591 884**
Mr. W. J. Nutto
ATTORNEY AT LAW
P.O. Box 1291
Corpus Christi, Texas 78403

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. _____ |
| PROFESSIONAL EMPLOYEE STAFF | § | |
| SERVICES, A PARTNERSHIP, GALLA | § | |
| A. McGUILL, ALMA C. MORENO AND | § | |
| PAN AMERICAN LIFE INSURANCE CO. | § | |

## JOINDER IN NOTICE OF REMOVAL OF ACTION

Defendants, Galla A. McGuill and Alma C. Moreno, Individually, and on behalf of

Professional Employee Staff Services, a Partnership, hereby join in Pan American Life

Insurance Company's notice of removal to this court of the state court action described in

the said notice of removal.

DATED this _8th_ day of _March_, 2000.

_(signature)_

Mr. W. J. Nutto
Federal No. _5870_
State Bar No. _15148000_
ATTORNEY AT LAW
P.O. Box 1291
Corpus Christi, Texas 78403
**COUNSEL FOR DEFENDANTS,**
**GALLA A. McGUILL AND ALMA**
**C. MORENO, INDIVIDUALLY AND ON**
**BEHALF OF PROFESSIONAL EMPLOYEE**
**STAFF SERVICES, A PARTNERSHIP**

Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDDIE R. WOLFFORD | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. _____ |
| PROFESSIONAL EMPLOYEE STAFF | § | |
| SERVICES, A PARTNERSHIP, GALLA | § | |
| A. McGUILL, ALMA C. MORENO AND | § | |
| PAN AMERICAN LIFE INSURANCE CO. | § | |

## CERTIFICATE OF NOTICE OF FILING

The undersigned attorney of record for Defendant Pan American Life Insurance Company certifies that on 13 March 2000 a notice of removal regarding this action was filed with the District Clerk for Aransas County, Texas, and written notice was served on Plaintiff, Eddie R. Wolfford, by his attorney of record and upon Defendants, Professional Employee Staff Service, Galla A. McGuill, and Alma C. Moreno, by their counsel of record. Attached to the notices was a copy of the Notice of Removal filed with the Clerk of the United States Court for the Southern District of Texas, Corpus Christi Division. Removal of this action is effective as of that date, pursuant to 28 U.S.C. § 1446.

Page 1 of 3

Respectfully submitted,

**DUNN & WEATHERED, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(512) 883-1594 [FAX 883-1599]

BY: _____

L. Nelson Hall, Attorney-In-Charge
Federal No. 6142
State Bar No. 08785800
Frank Weathered, of Counsel
Federal No. 2441
State Bar No. 20998600
**COUNSEL FOR DEFENDANT, PAN
AMERICAN LIFE INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all known counsel of record in the manner indicated, this 13th day of March, 2000.

_____

L. Nelson Hall

**VIA FIRST CLASS MAIL**
Mr. Cornel W. Walker
LAW OFFICES OF THOMAS J. HENRY
5425 South Padre Island Drive, Suite 180
Corpus Christi, Texas 78411

**VIA FIRST CLASS MAIL**
Mr. W. J. Sames
ATTORNEY AT LAW
P.O. Box 3249
Corpus Christi, Texas 78463

**VIA FIRST CLASS MAIL**
Mr. W. J. Nutto
ATTORNEY AT LAW
P.O. Box 1291
Corpus Christi, Texas 78403

**Page 3 of 3**

ClikPDF – www.fesisi.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

EDDIE R. WOLFFORD                            §
                                             §
V.                                           §
                                             §          CIVIL ACTION NO. _____
                                             §
PROFESSIONAL EMPLOYEE STAFF                  §
SERVICES, A PARTNERSHIP, GALLA               §
A. McGUILL, ALMA C. MORENO AND               §
PAN AMERICAN LIFE INSURANCE CO.              §

## LIST OF COUNSEL

COUNSEL FOR PLAINTIFF:     Mr. Cornel W. Walker
                           SBN 20695500; Fed ID _____
                           LAW OFFICES OF THOMAS J. HENRY
                           5425 South Padre Island Drive, Suite 180
                           Corpus Christi, Texas 78411
                           (361) 985-0600 [FAX 985-0601]


COUNSEL FOR DEFENDANTS,
GALLA A. McGUILL, ALMA
MORENO, & PROFESSIONAL
EMPLOYEE STAFF
SERVICES:                  W.J. Nutto
                           SBN 15148000; Fed ID 5870
                           ATTORNEY AT LAW
                           P.O. Box 1291
                           Corpus Christi, Texas 78403
                           (361) 992-1047

ADDITIONAL COUNSEL FOR
DEFENDANTS, GALLA A.
McGUILL & PROFESSIONAL
EMPLOYEE STAFF
SERVICES:                          W.J. Sames
                                   SBN 17555000; Fed ID _____
                                   ATTORNEY AT LAW
                                   P.O. Box 3249
                                   Corpus Christi, Texas 78463
                                   (361) 884-4357


COUNSEL FOR DEFENDANT,
PAN AMERICAN LIFE
INSURANCE COMPANY:                 L. Nelson Hall
                                   SBN 08785800; Fed ID 6142
                                   Frank Weathered
                                   SBN 20998600; Fed ID 2441
                                   DUNN & WEATHERED, P.C.
                                   611 S. Upper Broadway
                                   Corpus Christi, Texas 78401
                                   (361) 883-1594 [FAX 883-1599]

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Eddie R. Wolfford

## DEFENDANTS

Professional Employee Staff Services, a Partnership, Galla A. McGuill, Alma C. Moreno, & Pan American Life Insurance Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Patricio
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT San Patricio
(IN U S PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mr. Cornel Walker
5425 S.P.I.D., Suite 180
Corpus Christi, Texas 78411
(361) 985-0600

ATTORNEYS (IF KNOWN) Pan American: L. Nelson Hall & Frank Weathered; Professional Employee Staff, Galla McGuill & Alma Moreno: W.J. Nutto; Professional Employee Staff & Galla McGuill: W.J. Sames

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA) Plaintiff alleges right to benefits under a policy of insurance issued by Pan American to Co-Defendant, Professional Employee Staff Services, to indemnify payments made by Co-Defendant's employee welfare benefit plan.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | | | | ☐ 720 Labor/Mgmt Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | SOCIAL SECURITY | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) | ☒ 791 Empl Ret Inc Security Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 862 Black Lung (923) | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 863 DWC/DIWW (405(g)) | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | ☐ 864 SSID Title XVI | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | | ☐ 865 RSI (405(g)) | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
Unspecified

Check YES only if demanded in complaint.
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
03/13/00

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

EDDIE R. WOLFFORD §
§
V. §
§                     CIVIL ACTION NO. _____
PROFESSIONAL EMPLOYEE STAFF §
SERVICES, A PARTNERSHIP, GALLA §
A. McGUILL, ALMA C. MORENO AND §
PAN AMERICAN LIFE INSURANCE CO. §

## INDEX OF MATTERS BEING FILED

1.   Notice of Removal

    a.   Plaintiff's Original Petition
    b.   Motion for Private Process Service Rule (103)
    c.   Order Pursuant to Rule 103 T.R.C.P.
    d.   Citation and Return of Service on Defendant, Professional Employee Staff Services
    e.   Citation and Return of Service on Defendant, Galla A. McGuill
    f.   Citation and Return of Service on Defendant, Alma C. Moreno
    g.   Original Answer of Defendants, Galla A. McGuill, Individually and Professional Employee Staff Services, a Partnership
    h.   Special Appearance by Defendants, Galla A. McGuill and Alma C. Moreno, Individually, and on behalf of Professional Employee Staff Services
    i.   Civil Case Information Sheet
    j.   Order of United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division, discharging Debtors, Galla A. McGuill and Ernest Ray McGuill, dated January 8, 1999
    k.   Order of United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division, discharging Debtors, Alma Moreno and Lupe Moreno, dated January 8, 1999
    l.   Plaintiff's First Amended Original Petition
    m.   Citation and Return of Service on Defendant, Pan American Life Ins. Co.
    n.   Pan American Life Insurance Company's Original Answer
    o.   Plaintiff's Motion for Continuance
    p.   Notice of Removal (State Court)

Page 1 of 2

# CIVIL DOCK

## NUMBER OF CASE

A-99-0252-CV-A

## NAMES OF PARTIES

EDDIE R. WOLFORD

VS.

PROFESSIONAL EMPLOYEE STAFF
SERVICES, A PARTNERSHIP, GALLA
A. MCGUILL AND ALMA C. MORENO

Fee Book

Vol. Page

DATE OF ORDERS

Month   Day   Year

Was
Stenographer
Used

ORDERS OF

2.      Joinder in Notice of Removal

3.      Certificate of Notice of Filing

4.      List of Counsel

5.      Civil Cover Sheet

6.      State Court's Docket Sheet (1 page)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 4 2000

MICHAEL N. MILBY CLERK

Eddie R. Wolfford

v.                                      CIVIL ACTION NO.  C-00-108

Professional Employee Staff Services, et al.

ORDER FOR CONFERENCE
AND
DISCLOSURE OF INTERESTED PARTIES

1.      Counsel or Pro Se Party shall appear for an initial pretrial and scheduling conference before:
        The Honorable Hayden W. Head, Jr.
        on  Tuesday, May 16, 2000 , at  1:15 p.m.
        in the Second Floor Courtroom
        United States District Courthouse
        521 Starr Street
        Corpus Christi, Texas

2.      Counsel shall file with the clerk within 15 days from receipt of this order a certificate listing
        all persons, associations of persons, firms, partnership, corporations, affiliates, parent
        corporations, or other entities that are financially interested in the outcome of this litigation.
        If a group can be specified by a general description, individual listing is not necessary.
        Underline the name of each corporation whose securities are publicly traded.  If new parties
        are added or if additional persons or entities that are financially interested in the outcome of
        the litigation are identified at any time during the pendency of this litigation, then each
        counsel shall promptly file an amended certificate with the clerk.

3.      Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 120 days after the filing of the
        complaint.  The failure of plaintiff(s) to file proof of service within 120 days after the filing
        of the complaint may result in dismissal of this action by the court on its own initiative.

4.      After the parties meet as required by Fed. R. Civ. P. Rule 26(f), counsel shall prepare and
        file not less than 10 days before the conference a joint report of meeting and joint
        discovery/case management plan containing the information required on the attached form.

5.      The court will enter a scheduling order and may rule on any pending motions at the
        conference.

6.      Counsel who file or remove an action must serve a copy of this order with the summons and
        complaint or with the notice of removal.

7.      Attendance by an attorney who has authority to bind the party is required at the conference.

8.      Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the court of the results of their discussion.

9.      A person litigating <u>pro se</u> is bound by the requirements imposed upon counsel in this Order.

10.     Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

*By Order of the Court*

Rev. 7/98

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Instructions for the Preparation of the
Joint Report of the Meeting & Joint Discovery/Case Management Plan
Under Rule 26, Federal Rules of Civil Procedure

Rule 26, F.R.C.P., is applicable in this district and division. This Rule provides for required disclosures and discovery planning. The parties are ordered to familiarize themselves with Rule 26 and to prepare a report of their meeting and a case management plan required by that Rule. Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

3. <u>Briefly</u> describe what this case is about.

4. Specify the allegation of federal jurisdiction.

5. Name the parties who disagree and the reasons.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7. List anticipated interventions.

8. Describe class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).
    B. When and to whom the plaintiff anticipates it may send interrogatories.
    C. When and to whom the defendant anticipates it may send interrogatories.

    **D.**     Of whom and by when the plaintiff anticipates taking oral depositions.

    **E.**     Of whom and by when the defendant anticipates taking oral depositions.

    **F.**     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    **G.**     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

    **H.**     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**11.**     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**12.**     Specify the discovery beyond initial disclosures that has been undertaken to date.

**13.**     State the date the planned discovery can reasonably be completed.

**14.**     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**15.**     Describe what each party has done or agreed to do to bring about a prompt resolution.

**16.**     From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**17.**     Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**18.**     State whether a jury demand has been made and if it was made on time.

**19.**     Specify the number of hours it will take to present the evidence in this case

**20.**     List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**21.**     List other pending motions.

**22.**     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

23.  Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

24.  List the names, bar numbers, addresses, and telephone numbers of all counsel.


_____          _____

**Counsel for Plaintiff(s)**                        **Date**



_____          _____

**Counsel for Defendant(s)**                      **Date**



**BY ORDER OF**
**H. W. HEAD, JR.**
**UNITED STATES DISTRICT JUDGE**


**Rev. 7/98**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Eddie R. Wolfford

§

V.                                                            §          Civil Action No.  C-00-108

§

Proffessional Employee Staff Services,          §
et al.                                                        §

§

## SCHEDULING ORDER

1.    **JURY TRIAL IS SET FOR <u>Monday, February 12, 2001 at 9:00 a.m.</u>**, before Judge
H. W. Head, Jr. at the United States District Court, 521 Starr Street, Corpus Christi,
Texas.  If the parties prepare this case for trial sooner than this date, a final pretrial order
may be prepared and filed with a joint motion stating that the case is ready for trial and that
an earlier trial date is requested.

2.    **FINAL PRETRIAL CONFERENCE IS SET FOR <u>Thursday, February 8, 2001 at
1:15 p.m.</u>**, before Judge H. W. Head, Jr. at the United States District Court, 521 Starr
Street, Corpus Christi, Texas.  The attorney-in-charge for each party is required to be
present.

3.    **THE ORIGINAL AND ONE COPY OF YOUR JOINT PRETRIAL ORDER SHALL
BE FILED NO LATER THAN <u>Thursday, February 1, 2001 by 3:00 p.m.</u>**.  This
satisfies the requirement of FRCP 26 (a)(3). Plaintiff will be responsible for the filing of
a joint pretrial order, executed by the attorney-in-charge for each party, and conforming
fully with the form set out in Appendix B of the Local Rules of the Southern District of
Texas (1994).  Plaintiff shall allow all parties at least **fifteen (15) working days** for review
and contribution.  A motion for leave to file a joint pretrial order without the signature of
all counsel must be made, showing good cause, to obtain authority to file a pretrial order

without all required signatures. Differences of the parties with respect to any matter relevant to a pretrial order will be set forth in the joint pretrial order at the appropriate place. Willful or indifferent failure to submit a well-prepared joint pretrial order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default.

4.   **EXCEPT FOR GOOD CAUSE SHOWN, THE DEADLINE FOR FILING DISPOSI-TIVE MOTIONS IS   Wednesday, November 1, 2000         .** Failure to respond timely will be considered by the Court as if the motion is unopposed, and the motion may be granted. Legal memoranda greater in length than 25 pages will **NOT** be filed without leave of Court. No reply to the opposition to a motion will be filed by movant without leave of Court on good cause.

5.   The provisions of the **JOINT DISCOVERY/CASE MANAGEMENT PLAN** are hereby adopted.

6.   **THE DEADLINE FOR JOINDER OF PARTIES IS Monday, May 1, 2000. THE DEADLINE FOR AMENDMENT OF PLEADING IS Monday, October 2, 2000.** This provision does not relieve the parties from obtaining leave to file pleading or add parties whenever required by the Federal Rules of Civil Procedure.

7.   **DISCOVERY** shall end on  **Wednesday, November 1, 2000**   . **DESIGNATION OF EXPERTS,** by all parties, are due   **Friday, September 1, 2000  . RESPONSIVE EXPERTS** are due **20 DAYS** prior to the Discovery deadline. Responsive experts will not be limited to rebuttal testimony. **Written Reports** that fully comply with Federal Rules of Civil Procedure 26 (a)(2)(B)  shall be due at the time of designation of each expert. Parties are ordered to file only proposed witnesses with Court, pursuant to Federal Rules of Civil Procedure 26, but **NOT** reports or other discovery materials. Hearings on expert testimony and/or qualifications (i.e. Daubert and Markman) shall be requested no later than the deadline for discovery.

8.   All pleading, motions, briefs, memoranda, and requests for affirmative relief will be directed to the Court, **IN PLEADING FORM,** not correspondence form, through the United States District Clerk:

United States District Clerk
521 Starr Street

Corpus Christi, TX 78401

You are requested **NOT** to use the informality of letter briefs, letters citing authorities, or letters requesting continuances or other affirmative relief. Additionally, do not copy the Court on letters between the parties.

ORDERED this _____ day of _____, 2000.

_____

**H. W. HEAD, JR.**
**UNITED STATES DISTRICT JUDGE**

CitriPDF - www.fastio.com