UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION



United States District C...
Southern District of T...
FILED

MAR 20 2000

MICHAEL N. MILBY, CLERK

| | |
|---|---|
| EDDIE R. WOLFFORD § | |
| § | |
| V. § | |
| § | CIVIL ACTION NO. C-00-108 |
| PROFESSIONAL EMPLOYEE STAFF § | |
| SERVICES, A PARTNERSHIP, GALLA § | |
| A. McGUILL, ALMA C. MORENO AND § | |
| PAN AMERICAN LIFE INSURANCE CO. § | |

## PAN AMERICAN LIFE INSURANCE COMPANY'S
## FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE COURT:

Pan American Life Insurance Company, one of the named defendants, with requested leave of court, files its first amended original answer in response to Plaintiff's Complaint nominated "First Amended Original Petition," and for such amended response respectfully shows the court as follows:

### ADMISSIONS AND DENIALS

1. This Defendant admits that Plaintiff is a resident of Aransas Pass, San Patricio County, Texas, and that the underlying incident occurred in Rockport, Aransas County, Texas, as alleged in Section II of Plaintiff's First Amended Original Petition.

2. This Defendant admits that co-defendant, Professional Employee Staff Service, was an operating business partnership in Portland, San Patricio County, as alleged in Section II of Plaintiff's First Amended Original Petition. This Defendant is without knowledge or information sufficient to form a belief as to the truth that the individual co-defendants, Galla

A. McGuill and Alma C. Moreno, are residents of San Patricio County, as alleged in Section II of Plaintiff's First Amended Original Petition

3. This Defendant admits that it is a mutual company which issued a policy of occupational excess risk accident insurance, non-contributory, non-participating, under Policy No. 77279, to Professional Employee Staff Services as policy holder with an effective date of 24 December 1996, as alleged in Sections II and III of Plaintiff's First Amended Original Petition. This Defendant further admits that its registered agent for service of process in Texas is C.T. Corporation System in Houston, Harris County, Texas.

4. This Defendant further admits the circumstances of Plaintiff's employment and job assignment as well as the fact of an injury on or about 7 March 1997, as alleged in Section III of Plaintiff's First Amended Original Petition.

5. This Defendant specifically denies that it breached its agreement under the insurance policy in question, as alleged in Sections IV and VI of Plaintiff's First Amended Original Petition.

6. This Defendant specifically denies that Plaintiff is entitled to recover attorney's fees from this Defendant, as alleged in Section VI of Plaintiff's First Amended Original Petition.

7. This Defendant specifically denies that Plaintiff is entitled to trial by jury on his claim against this Defendant, as alleged in Section VII of Plaintiff's First Amended Original Petition.

8.  This Defendant otherwise generally denies the allegations and prayer of Plaintiff's First Amended Original Petition.

## AFFIRMATIVE DEFENSES

9.  This Defendant asserts that Plaintiff's First Amended Original Petition fails to state a claim upon which relief can be granted as against this Defendant.

10. This Defendant asserts that Plaintiff's claim as against this Defendant is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. <u>Gorman v. Life Insurance Co. of North America</u>, 811 S.W.2d 542, 546 (Tex. 1991).

11. This Defendant asserts that Plaintiff does not have standing to sue this Defendant directly for weekly disability benefits under the policy in question.

12. This Defendant asserts that there was a failure of consideration since the policy holder ceased making payment of weekly disability benefits to Plaintiff under its employee welfare benefit plan. This Defendant further asserts a credit for weekly disability benefits paid to the policy holder for reimbursement of benefits previously paid to Plaintiff.

13. This Defendant asserts that Plaintiff is enjoined from seeking indemnity of weekly disability benefits since the policy holder's partners have been discharged in bankruptcy from such debt.

14. This Defendant asserts that Plaintiff's medical benefits coverage expired by the terms of the policy. This Defendant further asserts a credit for medical benefits previously paid on behalf of Plaintiff to his medical providers prior to expiration of such coverage.

3

WHEREFORE, PREMISES CONSIDERED, this Defendant asks the court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and for all other relief to which this Defendant is entitled.

Respectfully submitted,

**DUNN & WEATHERED, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(512) 883-1594 [FAX 883-1599]

BY: _____
L. Nelson Hall, Attorney-in-Charge
Fed. ID 6142; SBN 08785800
Frank Weathered, Of Counsel
Fed. ID 2441; SBN 20998600
**COUNSEL FOR PAN AMERICAN LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on all known counsel of record in the manner indicated on this date of 17 March 2000.

_____
L. Nelson Hall

**VIA FIRST CLASS MAIL**
Mr. Cornel W. Walker
LAW OFFICES OF THOMAS J. HENRY
5425 South Padre Island Drive, Suite 180
Corpus Christi, Texas 78411

**<u>VIA FIRST CLASS MAIL</u>**
Mr. W. J. Sames
ATTORNEY AT LAW
P.O. Box 3249
Corpus Christi, Texas 78463

**<u>VIA FIRST CLASS MAIL</u>**
Mr. W. J. Nutto
ATTORNEY AT LAW
P.O. Box 1291
Corpus Christi, Texas 78403

5